HERMAN THOLEN ALIAS JACK THOLEN V. THE STATE.

No. 7555.   Decided March 21, 1923.

**Theft of Automobile—Recent Possession.**

>    Where, upon trial of an automobile, the property was found in the pos-
> session of the defendant recently after it had been stolen, and no satisfac-
> tory explanation given, the conviction is sustained, under a proper charge
> of the court.

Appeal from the Criminal District Court of Harris.   Tried below be-
fore the Honorable C. W. Robinson.

Appeal from a conviction of theft of an automobile; penalty, two
years imprisonment in the penitentiary.

The opinion states the case.

*J. S. McConnell* and *Fred L. Perkins,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal Dis-
trict Court of Harris County of the theft of an automobile, and his pun-
ishment fixed at two years in the penitentiary.

Shortly after the loss of the car in question in Humble, Harris County,
Texas, it was found in possession of appellant at Wills Point, Van Zandt
County, a distance of approximately three hundred and fifty miles from
Humble.  Appellant claimed that he bought the car from one Tom Mar-
tin.  The numbers on the car had been changed when it was found in
appellant's possession.  There is no complaint of the charge of the trial
court, and no exceptions were reserved to anything that transpired dur-
ing the trial.  A special charge asked, was refused, but there is nothing
in the record showing that such refusal was excepted to.

It seems to have been uniformly held that the recent possession of
stolen property by the accused will suffice to uphold conviction.  In this
case the appellant and his witnesses made out a case of purchase of the
alleged stolen car, from one Tom Martin.  Appellant admitted that he
had made no effort to procure Martin's presence as a witness or to lo-
cate him.  No witness was produced who knew or had ever seen Martin
except those who testified they attested the bill of sale which was in-
troduced in evidence by appellant as given him by Martin at the time he
bought said car.  The car was taken at night.  A witness testified that
he saw appellant on the street that night in the vicinity of the car.  This
was denied by appellant.  Other contradictions appear.  The court fully
submitted the defensive theories of the purchase of the car and of alibi.
Being fully informed as to the law of the case, the jury weighed the con-
flicting testimony and decided the issues against appellant.  We are not

able to say that there is no testimony in this record fairly supporting their conclusion.

The judgment will be affirmed.

*Affirmed.*